**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

**DANIELA LIZARDO**
2239 Hollinshed Ave.
Pennsauken, NJ 08110

 VS.

**CAESARS ENTERTAINMENT OPERATING**
**COMPANY, INC. D/B/A HARRAH'S**
**CASINO**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

and

 **HARRAH'S CASINO D/B/A HARRAH'S**
**CHESTER CASINO & RACETRACK**
777 Harrah's Boulevard
Chester, PA 19013

and

**JHL INTERNATIONAL CORPORATION**
615 frederick avenue, #302-B
Gaithersburg, MD 20877

and

**RICHARD WILLIAMS**
9518 Main St.
Damascus, MD 20872

and

**JOHN/JANE DOES, NOS. 1-5**

and

**JOHN/JANE DOE CORPORATIONS, NOS.**
**1-5**

## NOTICE OF REMOVAL

Defendants Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, by and through its undersigned attorneys, *Reilly, McDevitt & Henrich, P.C.*, hereby petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania and respectfully states to this Honorable Court as follows:

### NATURE OF THE REMOVED ACTION

1.      On or about May 13, 2020, Plaintiff, Daniela Lizardo ("Plaintiff") commenced an action (the "State Court Action") by filing a Complaint that is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, bearing Docket No. 200500747 in which Plaintiff named Petitioner, Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino ("Defendant"), as Defendants. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A". Defendants, Chester Downs and Marina, LLC d/b/a Harrah's Philadelphia Casino & Racetrack, (improperly identified as Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack), JHL International Corporation, Richard Williams, John Doe and John Doe Corporations, were also named as defendants.

2.      On or about June 2, 2020, Defendant, Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino was served Plaintiff's Complaint. A true and correct copy of the Affidavit of Service is attached hereto as Exhibits "B."

3.      At the filing of this Notice of Removal, Defendants, Chester Downs and Marina, LLC d/b/a Harrah's Philadelphia Casino & Racetrack (improperly identified as Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack), JHL International Corporation and Richard Williams have not been served with Plaintiff's Complaint.

4.      Because the Complaint was served on Defendant on June 2, 2020, this Notice of

Removal has been filed within thirty (30) days after Defendant was deemed served with copies of the Amended Complaint upon which this action is based.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant).

5.      Accordingly, this notice is filed with the Court within the thirty (30) day time period set for removal set forth in 28 U.S.C. Sect. 1446(b).

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Prothonotary of the Philadelphia County Court of Common Pleas, as provided by U.S.C. § 1446(d).

7.      A written notice of the filing of this Notice of Removal has been given to all parties in accordance with and as required by 28 U.S.C. § 1446(d).

DIVERSITY OF CITIZENSHIP

8.      Diversity jurisdiction exists where there is a diversity of citizenship between the parties at the time the lawsuit is filed.  Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

9.      To establish citizenship for diversity purposes, "a corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015).

10.     Plaintiff alleges in her Complaint that she is an adult individual residing at 2239 Hollinshed Ave., Pennsauken, NJ 08110.  See Exhibit A at ¶ 1.

11.     Based on the Complaint, Defendant is informed and believes that Plaintiff is a citizen of the State of New Jersey. Id.

12.     Defendant is incorporated under the laws of the State of Delaware.

13.     Accordingly, Defendant is a citizen of the State of Delaware for purposes of diversity citizenship.

14.     As Defendant in this matter is not a citizen of Pennsylvania where this action was brought, there is complete diversity allowing removal by the non-resident Defendant.  28 U.S.C. § 1441

15.     For the foregoing reasons, diversity of citizenship has been satisfied.

<u>AMOUNT IN CONTROVERSY</u>

16.     This action also meets the amount in controversy requirement. The removal of cases is authorized by 28 US.C. § 1332(a) when, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

17.     In determining whether the amount in controversy exceeds $75,000.00, the "amount need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation."  <u>Golden v. Golden</u>, 382 F.3d 348, 354 (3d Cir. 2004)(citing <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961)).

18.     Here, Plaintiff demands judgment against Defendant in excess of $50,000.00.  <u>See</u> Exhibit A.

19.     Based on the foregoing, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy.

<u>DIVERSITY JURISDICTION IS SATISFIED</u>

20.    This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 *et seq.* and 1446 (b) because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

21.    Plaintiff has named no other party as a defendant.  Therefore, it is unnecessary for any other parties to join in this Notice of Removal.

22.    For all the foregoing reasons, this Court has original jurisdiction over the action between the Plaintiff and Defendant pursuant to the provisions of 28 U.S.C. §1332 and 28 U.S.C. § 1441.

**WHEREFORE**, Defendant, Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, respectfully requests that the action now pending in the Court of Common Pleas of Philadelphia County be removed therefrom to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By:  /s/  Damian S. Jackson, Esquire
　　　Damian S. Jackson, Esquire
　　　Widener Building, Suite 410
　　　One South Penn Square
　　　Philadelphia, PA 19107
　　　T: (215) 972-5200
　　　F: (215) 972-0405
　　　Email: djackson@rmh-law.com
　　　Attorney for Defendant, Caesars Entertainment
　　　Operating Company, Inc. d/b/a Harrah's Casino

Date: 6/25/2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

**DANIELA LIZARDO**
2239 Hollinshed Ave.
Pennsauken, NJ 08110

 VS.

**CAESARS ENTERTAINMENT OPERATING
COMPANY, INC. D/B/A HARRAH'S
CASINO**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

and

 **HARRAH'S CASINO D/B/A HARRAH'S
CHESTER CASINO & RACETRACK**
777 Harrah's Boulevard
Chester, PA 19013

and

**JHL INTERNATIONAL CORPORATION**
615 Frederick avenue, #302-B
Gaithersburg, MD 20877

and

**RICHARD WILLIAMS**
9518 Main St.
Damascus, MD 20872

and

**JOHN/JANE DOES, NOS. 1-5**

and

**JOHN/JANE DOE CORPORATIONS, NOS.
1-5**

## <u>CERTIFICATE OF SERVICE</u>

I, Damian S. Jackson, Esquire, attorney for Defendants, Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, hereby certify that a true and correct copy of Defendant's Notice of Removal has been served on counsel for the Plaintiff via first class, postage prepaid mail, as follows:

> Alaina A. Gregorio, Esquire
> Messa & Associates, P.C.
> 123 S. 22nd Street
> Philadelphia, PA 19103
> **Counsel for Plaintiff**

> > **REILLY, MCDEVITT & HENRICH, P.C.**
> >
> > By:   /s/  Damian S. Jackson, Esquire
> >     Damian S. Jackson, Esquire
> >     Widener Building, Suite 410
> >     One South Penn Square
> >     Philadelphia, PA 19107
> >     T: (215) 972-5200
> >     F: (215) 972-0405
> >     Email: djackson@rmh-law.com
> >     Attorney for Defendants, Caesars Entertainment
> >     Operating Company, Inc. d/b/a Harrah's Casino

Date: 6/25/2020

EXHIBIT "A"

**MESSA & ASSOCIATES, P.C.**
BY: Richard J. Heleniak, Esquire
    Alaina A. Gregorio, Esquire
PA Attorney I.D. Nos. 32177/311409
123 S. 22ⁿᵈ Street
Philadelphia, PA 19103
Tel: (215) 569-3500
Fax: (215) 568-3501

Attorneys for Plaintiff
Jury Trial Demanded
This is not an Arbitration Matter
An assessment of damages hearing
is required.

*Filed and Attested by the Office of Judicial Records 23 MAY 2020 02:53 pm E. HAURICAN*

---

| |
|---|
| **DANIELA LIZARDO**<br>2239 Hollinshed Ave.<br>Pennsauken, NJ 08110<br><br>       Plaintiff,<br><br>    vs.<br><br>**CAESARS ENTERTAINMENT OPERATING**<br>**COMPANY, INC. D/B/A HARRAH'S CASINO**<br>2595 Interstate Dr. #103<br>Harrisburg, PA 17110<br><br>and<br><br>**HARRAH'S CASINO D/B/A HARRAH'S**<br>**CHESTER CASINO & RACETRACK**<br>777 Harrah's Boulevard<br>Chester, PA 19013<br><br>and<br><br>**JHL INTERNATIONAL CORPORATION**<br>615 Frederick Avenue, #302-B<br>Gaithersburg, MD 20877<br><br>and<br><br>**RICHARD WILLIAMS**<br>9518 Main St.<br>Damascus, MD 20872<br><br>and<br><br>**JOHN/JANE DOES, NOS. 1-5**<br><br>and<br><br>**JOHN/JANE DOE CORPORATIONS, NOS. 1-5**<br><br>       Defendants. |

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**MAY TERM, 2020**

**NO.**

**JURY OF 12 DEMANDED**

Case ID: 200500747

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

### ADVISO

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMACION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NINGUN HONORARIO.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

2

Case ID: 200500747

**MESSA & ASSOCIATES, P.C.**
BY: Richard J. Heleniak, Esquire
    Alaina A. Gregorio, Esquire
PA Attorney I.D. Nos. 32177/311409
123 S. 22nd Street
Philadelphia, PA 19103
Tel: (215) 569-3500
Fax: (215) 568-3501

**Attorneys for Plaintiff**
**Jury Trial Demanded**
**This is not an Arbitration Matter.**
**An assessment of damages hearing**
**is required.**

---

**DANIELA LIZARDO**
2239 Hollinshed Ave.
Pennsauken, NJ 08110

        Plaintiff,
   vs.

**CAESARS ENTERTAINMENT**
**OPERATING COMPANY, INC. D/B/A**
**HARRAH'S CASINO**
2595 Interstate Dr., #103
Harrisburg, PA 17110

and

**HARRAH'S CASINO D/B/A HARRAH'S**
**CHESTER CASINO & RACETRACK**
777 Harrah's Boulevard
Chester, PA 19013

and

**JHL INTERNATIONAL CORPORATION**
615 Frederick Avenue, #302-B
Gaithersburg, MD 20877

and

**RICHARD WILLIAMS**
9518 Main St.
Damascus, MD 20872

and

**JOHN/JANE DOES, NOS. 1-5**

and

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**MAY TERM, 2020**

**NO.**

**JURY OF 12 DEMANDED**

1

Case ID: 200500747

| JOHN/JANE DOE CORPORATIONS, NOS. 1-5 | |
|---|---|
| | Defendants. |

### CIVIL ACTION – COMPLAINT

Plaintiff, Daniela Lizardo, by and through her counsel hereby alleges as follows against the Defendants:

1.      Plaintiff, **Daniela Lizardo** (hereinafter "Plaintiff" or "Ms. lizardo"), is a citizen and resident of New Jersey, residing at the above-captioned address.

2.      Defendant, **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino**, (hereinafter referred to as "Caesars Entertainment"), is a corporation authorized to do business in the Commonwealth of Pennsylvania, and, upon information and belief, maintains its principal place of business, and regularly conducts business in Philadelphia County, and which at all times material hereto acted and/or failed to act by and through its agents, servants, workmen, employees, contractors, and/or sub-contractors who were then and there acting in the course and scope of their employment and/or agency.

3.      Defendant, **Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack**, (hereinafter referred to as "Harrah's Casino"), is a corporation authorized to do business in the Commonwealth of Pennsylvania, and, upon information and belief, maintains its principal place of business, and regularly conducts business in Philadelphia County, and which at all times material hereto acted and/or failed to act by and through its agents, servants, workmen, employees, contractors, and/or sub-contractors who were then and there acting in the course and scope of their employment and/or agency.

2

4.      Defendant, **JHL International Corporation**, hereinafter referred to as "JHL International") is a corporation authorized to do business in the Commonwealth of Pennsylvania, and, upon information and belief, maintains its principal place of business, and regularly conducts business in Philadelphia County, and which at all times material hereto acted and/or failed to act by and through its agents, servants, workmen, employees, contractors, and/or sub-contractors who were then and there acting in the course and scope of their employment and/or agency.

5.      Defendant, **Richard Williams**, is a citizen and resident of Maryland, residing therein at the above address. At all times relevant to this litigation, Mr. Williams was an agent and/or employee of Defendants, **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack** and/or **JHL International Corporation**, who was acting within the course and scope of his agency and employment.

6.      Defendants, **John/Jane Does, Nos. 1-5**, are individuals, agents, and/or employees of Defendants, **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack, and/or JHL International Corporation** who were acting within the course and scope of his/her agency and employment when they were operating the Courtesy Van bearing license plate number license plate number 034P99 and USDOT Number 2364669.

7.      Defendants, **John/Jane Doe Corporations, Nos. 1-5**, are companies and/or corporations organized and existing under the laws of the Commonwealth of Pennsylvania who owned, operated, and/or insured the Courtesy Van bearing license plate number license plate number 034P99 and USDOT Number 2364669.

3

8.      Upon information and belief, at all times pertinent to this action, Defendant, **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino**, was involved in a joint venture and/or joint enterprise with **Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack**, and/or **JHL International Corporation.**

9.      Upon information and belief, at all times pertinent to this action, Defendant, **Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack**, was involved in a joint venture and/or joint enterprise with **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino**, and/or **JHL International Corporation.**

10.     Upon information and belief, at all times pertinent to this action, Defendant, **JHL International Corporation**, was involved in a joint venture and/or joint enterprise with **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino**, and/or **Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack.**

11.     At all times material to the motor vehicle collision forming the basis of this action, Defendants, **Caesars Entertainment Operating Company, Inc. d/b/a Harrah's Casino, Harrah's Casino d/b/a Harrah's Chester Casino & Racetrack, and/or JHL International Corporation** acted as either a motor contract carrier of property through the Commonwealth of Pennsylvania or as a motor common carrier of property through the Commonwealth of Pennsylvania pursuant to one or more permits to operate as a motor carrier issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

12.     On May 19, 2018, at approximately 6:20 p.m., Ms. Lizardo was a passenger on the Courtesy Van bearing license plate number 034P99 and USDOT Number 2364669, operated by Defendant Richard Williams and owned by Defendants, Harrah's Casino d/b/a Harrah's

4

Chester Casino & Racetrack, JHL International Corporation, John/Jane Does, Nos. 1-5, and/or

John/Jane Doe Corporations, Nos. 1-5, wherein Richard Williams was operating the Courtesy

Van in a reckless, careless, and negligent when he, suddenly and without warning, cut off

another vehicle and slammed on his brakes at Penn Square and South Broad Street, Philadelphia,

Pennsylvania, causing Ms. Lizardo, whose seatbelt did not work, to propel out of her seat and

slam onto the floor of the Courtesy Van sustaining serious and permanent bodily injuries.

13.     At all times material hereto, the Courtesy Van was owned, operated, managed,

maintained, inspected and/or controlled by Defendants, Harrah's Casino d/b/a Harrah's Chester

Casino & Racetrack, JHL International Corporation, Richard Williams, and/or John/Jane Doe

Corporations, Nos. 1-5, and their employees and/or agents in the course and scope of their

employment or agency including, John/Jane Does, Nos. 1-5.

14.     The aforementioned accident was caused by the negligence and carelessness of

the Defendants and was due in no manner whatsoever to any act or failure to act on the part of

Plaintiff Ms. Lizardo.

15.     As a direct and proximate result of the negligence and carelessness, of

Defendants, Plaintiff Ms. Lizardo suffered at least the following:

      a.  Injury to her left hip including associated bones, muscles, ligaments, nerves, and tendons resulting in tears, pain, swelling, inflammation, loss of function, numbness, and tingling;

      b.  Injury to her lumbosacral spine including the associated bones, muscles, ligaments, tendons, vertebrae, disks, nerves and vasculature;

      c.  Injury to her back including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling;

      d.  Injury to her left leg including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling;

Case ID: 200500747

e.  Injury to her wrist including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling;

f.  Mental and emotional injuries, including depression, tearfulness, sleep disturbance, and physical manifestations thereof;

g.  Immobility and functional decline;

h.  Embarrassment and humiliation; and

i.  Loss of ability to care for herself and perform the basic activities of daily living.

### COUNT I – NEGLIGENCE/RECKLESSNESS
### DANIELA LIZARDO v. CAESARS ENTERTAINMENT OPERATING COMPANY, INC. D/B/A HARRAH'S CASINO

16.  Plaintiff Daniela Lizardo incorporates by reference all of the above allegations as though same were more fully set forth at length herein.

17.  Defendant Caesars Entertainment owed Plaintiff Ms. Lizardo and the world at large a duty to drive, operate, control, and maintain the Courtesy Van in a safe and non-negligent manner.

18.  Defendant Caesars Entertainment, individually and through its employees and/or agents, breached its duty of care by carelessly, negligently, and recklessly maintaining and operating the Courtesy Van without due concern or regard the passengers including Ms. Lizardo.

19.  At all material times hereto, Defendant's negligent, careless, and reckless conduct consisted of the following:

a.  Failing to properly inspect and maintain the Courtesy Van;

b.  Failing to maintain the brakes and braking system;

c.  Reckless disregard for the safety of its passengers by failing to maintain and/or repair the seat belt which it knew or had reason to know it was not functioning at the time of the incident and knew was necessary for the protection of its passengers;

6

d. Reckless disregard for the safety of its passengers permitting the Courtesy Van to be operated with malfunctioning safety equipment when it knew or had reason to know of the malfunctioning seatbelt;

e. Failing to maintain a proper lookout;

f. Operating the Courtesy Van without sufficient regard for the rights and safety of others and in such a manner as to endanger and injure Ms. Lizardo;

g. Failing to scan the roadway for other vehicles before proceeding;

h. Scanning the roadway and failing to appreciate that there were other vehicles on the roadway in close proximity to the Courtesy Van;

i. Improper maneuver on roadway;

j. Driving in a reckless manner;

k. Failing to be attentive and maintain a sharp lookout of the road and the surrounding conditions;

l. Failing to have the Courtesy Van under the same level and degree of control as maintained by a reasonably careful driver under similar circumstances;

m. Failing to exercise the high degree of care required of a motorist operating a Courtesy Van with passengers;

n. Unnecessarily accelerating of the motor vehicle to an unsafe rate of speed prior to approaching the intersection of Penn Square and South Broad Street, Phila., PA, requiring the brakes to be slammed and passengers, including Ms. Lizardo to be thrown about the Courtesy Van;

o. Failing to observe that care and caution were required under the circumstances;

p. Operating the Courtesy Van without due regard for the passengers onboard;

q. Failing to keep the Courtesy Van under proper and adequate control at all times to ensure it could come to a proper stop and avoid causing injury to the passengers, including Ms. Lizardo;

r. Failing to obey the traffic signals at the time of the incident;

s. Failing to maintain the Courtesy Van under adequate and proper control;

t. Disregarding traffic lanes and crossing in front of other vehicles on the road at an unsafe distance;

u. Failing to make timely application of his vehicle's brakes;

v. Failing to make timely application of his vehicle's horn;

w. Failing to exercise due caution and reasonable care in operating his motor vehicle;

7

x.  Being inattentive, distracted, and/or not paying attention while driving his motor vehicle;

y.  Diverting his attention from the roadway for an unreasonable period of time;

z.  Operating his vehicle at an excessive rate of speed;

aa. Failing to operate his vehicle in accordance with the conditions and circumstances existing at the time of the accident, and just before the accident;

bb. Operating his motor vehicle in contravention of the Rules of the Road;

cc. Operating his motor vehicle without due regard for traffic control devices;

dd. Being negligent, careless and reckless in the operation of his tow truck under the circumstances;

ee. Possessing insufficient and inadequate training in the operation of a Courtesy Van;

ff. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §3304 and/or §3305 Overtaking vehicle on right and/or left;

gg. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3736(a), Driving recklessly;

hh. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3310, Following too closely;

ii. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3307;

jj. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 177.804 (Compliance with Federal Motor Carrier Safety Regulations);

kk. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 301 et. seq. (Compliance with Federal Motor Carrier Safety Regulations);

ll. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 380 (Special training requirements);

mm.      Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 390.11 (Motor carrier to require observance of driver regulations);

nn. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 391.13 (Responsibilities of drivers);

oo. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.2 (Applicable operating rules);

pp. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.3 (Ill or fatigued operator);

8

qq. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.80 (Emergency equipment, inspection, and use);

rr. Negligently hiring or contracting with Richard Williams to drive the Courtesy Van at issue;

ss. Negligently contracting with Harrash's Casino and/or JHL International Corporation to provide, operate, maintain, and/or inspect the Courtesy Van;

tt. Negligently training Richard Williams;

uu. Negligently entrusting Richard Williams to drive the Courtesy Van in a safe and professional manner when Defendant knew or had reason to know that Richard Williams was not fit to drive the Courtesy Van;

vv. Negligently retaining Richard Williams to drive the Courtesy Van;

ww.     Failing to conduct proper and required checks on the background of its employees, agents, and/or contractors;

xx. Failing to supervise its employees, agents, and/or contractors, including but not limited to Richard Williams;

yy. Failing to exercise ordinary care to determine its employees', agents', and/or contractors' fitness for the task of driving a Courtesy Van;

zz. Failing to have or enforce an appropriate policy on properly and safely operating the Courtesy Van;

aaa.     Otherwise violating state law and federal regulations governing trucking companies;

bbb.     Otherwise failing to act as a reasonably prudent company under the circumstances;

ccc.     Failing to operate the vehicle in accordance with the rules of the road, the Ordinances of Philadelphia County, the law of the Commonwealth of Pennsylvania, including but not limited to, the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 101 et. seq.; and

ddd.     Such other acts of negligence as may be discovered.

20.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered, suffers and/or continues to suffer serious and/or permanent injuries to her body, organs, nerves, muscles, tendons, and/or tissue including but not limited to: injury to her left hip including associated bones, muscles, ligaments, nerves, and tendons resulting in tears, pain, swelling, inflammation, loss of function, numbness, and tingling; injury to her lumbosacral spine including the associated

9

bones, muscles, ligaments, tendons, vertebrae, disks, nerves and vasculature; injury to her back including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her left leg including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her wrist including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; mental and emotional injuries, including depression, tearfulness, sleep disturbance, and physical manifestations thereof; immobility and functional decline; embarrassment and humiliation; and loss of ability to care for herself and perform the basic activities of daily living -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff Lizardo also makes a claim for such injuries, damages and consequences described by her medical providers and/or of which she has no present knowledge.

21.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered and will continue to suffer great pain and suffering, depriving her of life's enjoyment and pleasures.

22.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has and will in the future continue to spend large sums of money for medicine and medical care in an effort to cure and ameliorate her injuries.

23.     As a direct and proximate result of the aforesaid negligence and carelessness, Plaintiff Lizardo has and will in the future suffer a loss of earning and an impairment of earning capacity and power.

10

Case ID: 200500747

**WHEREFORE**, Plaintiff, Daniela Lizardo, demands judgment against the Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional arbitration limit, together with compensatory damages, punitive damages, interest, costs, attorneys' fees and other relief deemed just and appropriate by the Court.

### COUNT II – NEGLIGENCE/RECKLESSNESS
### DANIELA LIZARDO v. HARRAH'S CASINO D/B/A HARRAH'S
### CHESTER CASINO & RACETRACK

24.     Plaintiff Daniela Lizardo incorporates by reference all of the above allegations as though same were more fully set forth at length herein.

25.     Defendant Harrah's Casino owed Plaintiff Ms. Lizardo and the world at large a duty to drive, operate, control, and maintain the Courtesy Van in a safe and non-negligent manner.

26.     Defendant Harrah's Casino, individually and through its employees and/or agents, breached its duty of care by carelessly, negligently, and recklessly maintaining and operating the Courtesy Van without due concern or regard the passengers including Ms. Lizardo.

27.     At all material times hereto, Defendant's negligent, careless, and reckless conduct consisted of the following:

    a.   Failing to properly inspect and maintain the Courtesy Van;

    b.   Failing to maintain the brakes and braking system;

    c.   Reckless disregard for the safety of its passengers by failing to maintain and/or repair the seat belt which it knew or had reason to know it was not functioning at the time of the incident and knew was necessary for the protection of its passengers;

    d.   Reckless disregard for the safety of its passengers permitting the Courtesy Van to be operated with malfunctioning safety equipment when it knew or had reason to know of the malfunctioning seatbelt;

    e.   Failing to maintain a proper lookout;

11

f.  Operating the Courtesy Van without sufficient regard for the rights and safety of others and in such a manner as to endanger and injure Ms. Lizardo;

g.  Failing to scan the roadway for other vehicles before proceeding;

h.  Scanning the roadway and failing to appreciate that there were other vehicles on the roadway in close proximity to the Courtesy Van;

i.  Improper maneuver on roadway;

j.  Driving in a reckless manner;

k.  Failing to be attentive and maintain a sharp lookout of the road and the surrounding conditions;

l.  Failing to have the Courtesy Van under the same level and degree of control as maintained by a reasonably careful driver under similar circumstances;

m.  Failing to exercise the high degree of care required of a motorist operating a Courtesy Van with passengers;

n.  Unnecessarily accelerating of the motor vehicle to an unsafe rate of speed prior to approaching the intersection of Penn Square and South Broad Street, Phila., PA, requiring the brakes to be slammed and passengers, including Ms. Lizardo to be thrown about the Courtesy Van;

o.  Failing to observe that care and caution were required under the circumstances;

p.  Operating the Courtesy Van without due regard for the passengers onboard;

q.  Failing to keep the Courtesy Van under proper and adequate control at all times to ensure it could come to a proper stop and avoid causing injury to the passengers, including Ms. Lizardo;

r.  Failing to obey the traffic signals at the time of the incident;

s.  Failing to maintain the Courtesy Van under adequate and proper control;

t.  Disregarding traffic lanes and crossing in front of other vehicles on the road at an unsafe distance;

u.  Failing to make timely application of his vehicle's brakes;

v.  Failing to make timely application of his vehicle's horn;

w.  Failing to exercise due caution and reasonable care in operating his motor vehicle;

x.  Being inattentive, distracted, and/or not paying attention while driving his motor vehicle;

y.  Diverting his attention from the roadway for an unreasonable period of time;

12

z. Operating his vehicle at an excessive rate of speed;

aa. Failing to operate his vehicle in accordance with the conditions and circumstances existing at the time of the accident, and just before the accident;

bb. Operating his motor vehicle in contravention of the Rules of the Road;

cc. Operating his motor vehicle without due regard for traffic control devices;

dd. Being negligent, careless and reckless in the operation of his tow truck under the circumstances;

ee. Possessing insufficient and inadequate training in the operation of a Courtesy Van;

ff. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §3304 and/or §3305 Overtaking vehicle on right and/or left;

gg. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3736(a), Driving recklessly;

hh. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3310, Following too closely;

ii. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3307;

jj. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 177.804 (Compliance with Federal Motor Carrier Safety Regulations);

kk. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 301 et. seq. (Compliance with Federal Motor Carrier Safety Regulations);

ll. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 380 (Special training requirements);

mm. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 390.11 (Motor carrier to require observance of driver regulations);

nn. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 391.13 (Responsibilities of drivers);

oo. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.2 (Applicable operating rules);

pp. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.3 (Ill or fatigued operator);

qq. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.80 (Emergency equipment, inspection, and use);

rr. Negligently hiring or contracting with Richard Williams to drive the Courtesy Van at issue;

13

Case ID: 200500747

ss. Negligently contracting with Caesars Entertainment and/or JHL International Corporation to provide, operate, maintain, and/or inspect the Courtesy Van;

tt. Negligently training Richard Williams;

uu. Negligently entrusting Richard Williams to drive the Courtesy Van in a safe and professional manner when Defendant knew or had reason to know that Richard Williams was not fit to drive the Courtesy Van;

vv. Negligently retaining Richard Williams to drive the Courtesy Van;

ww.    Failing to conduct proper and required checks on the background of its employees, agents, and/or contractors;

xx. Failing to supervise its employees, agents, and/or contractors, including but not limited to Richard Williams;

yy. Failing to exercise ordinary care to determine its employees', agents', and/or contractors' fitness for the task of driving a Courtesy Van;

zz. Failing to have or enforce an appropriate policy on properly and safely operating the Courtesy Van;

aaa.    Otherwise violating state law and federal regulations governing trucking companies;

bbb.    Otherwise failing to act as a reasonably prudent company under the circumstances;

ccc.    Failing to operate the vehicle in accordance with the rules of the road, the Ordinances of Philadelphia County, the law of the Commonwealth of Pennsylvania, including but not limited to, the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 101 et. seq.; and

ddd.    Such other acts of negligence as may be discovered.

28.    As a direct and proximate result of the aforesaid negligence and carelessness, and

not through any act or omission of her own, Plaintiff Lizardo has suffered, suffers and/or

continues to suffer serious and/or permanent injuries to her body, organs, nerves, muscles,

tendons, and/or tissue including but not limited to: injury to her left hip including associated

bones, muscles, ligaments, nerves, and tendons resulting in tears, pain, swelling, inflammation,

loss of function, numbness, and tingling; injury to her lumbosacral spine including the associated

bones, muscles, ligaments, tendons, vertebrae, disks, nerves and vasculature; injury to her back

including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of

14

Case ID: 200500747

function, numbness, and tingling; injury to her left leg including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her wrist including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; mental and emotional injuries, including depression, tearfulness, sleep disturbance, and physical manifestations thereof; immobility and functional decline; embarrassment and humiliation; and loss of ability to care for herself and perform the basic activities of daily living -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff Lizardo also makes a claim for such injuries, damages and consequences described by her medical providers and/or of which she has no present knowledge.

29.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered and will continue to suffer great pain and suffering, depriving her of life's enjoyment and pleasures.

30.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has and will in the future continue to spend large sums of money for medicine and medical care in an effort to cure and ameliorate her injuries.

31.     As a direct and proximate result of the aforesaid negligence and carelessness, Plaintiff Lizardo has and will in the future suffer a loss of earning and an impairment of earning capacity and power.

**WHEREFORE**, Plaintiff, Daniela Lizardo, demands judgment against the Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional arbitration

Case ID: 200500747

limit, together with compensatory damages, punitive damages, interest, costs, attorneys' fees and other relief deemed just and appropriate by the Court.

## COUNT III- NEGLIGENCE
## DANIELA LIZARDO v. JHL INTERNATIONAL CORPORATION

32.     Plaintiff Daniela Lizardo incorporates by reference all of the above allegations as though same were more fully set forth at length herein.

33.     Defendant JHL International owed Plaintiff Ms. Lizardo and the world at large a duty to drive, operate, control, and maintain the Courtesy Van in a safe and non-negligent manner.

34.     Defendant JHL International, individually and through its employees and/or agents, breached its duty of care by carelessly, negligently, and recklessly maintaining and operating the Courtesy Van without due concern or regard the passengers including Ms. Lizardo.

35.     At all material times hereto, Defendant's negligent, careless, and reckless conduct consisted of the following:

  a. Failing to properly inspect and maintain the Courtesy Van;
  b. Failing to maintain the brakes and braking system;
  c. Reckless disregard for the safety of its passengers by failing to maintain and/or repair the seat belt which it knew or had reason to know it was not functioning at the time of the incident and knew was necessary for the protection of its passengers;
  d. Reckless disregard for the safety of its passengers permitting the Courtesy Van to be operated with malfunctioning safety equipment when it knew or had reason to know of the malfunctioning seatbelt;
  e. Failing to maintain a proper lookout;
  f. Operating the Courtesy Van without sufficient regard for the rights and safety of others and in such a manner as to endanger and injure Ms. Lizardo;
  g. Failing to scan the roadway for other vehicles before proceeding;

16

h. Scanning the roadway and failing to appreciate that there were other vehicles on the roadway in close proximity to the Courtesy Van;

i. Improper maneuver on roadway;

j. Driving in a reckless manner;

k. Failing to be attentive and maintain a sharp lookout of the road and the surrounding conditions;

l. Failing to have the Courtesy Van under the same level and degree of control as maintained by a reasonably careful driver under similar circumstances;

m. Failing to exercise the high degree of care required of a motorist operating a Courtesy Van with passengers;

n. Unnecessarily accelerating of the motor vehicle to an unsafe rate of speed prior to approaching the intersection of Penn Square and South Broad Street, Phila., PA, requiring the brakes to be slammed and passengers, including Ms. Lizardo to be thrown about the Courtesy Van;

o. Failing to observe that care and caution were required under the circumstances;

p. Operating the Courtesy Van without due regard for the passengers on board;

q. Failing to keep the Courtesy Van under proper and adequate control at all times to ensure it could come to a proper stop and avoid causing injury to the passengers, including Ms. Lizardo;

r. Failing to obey the traffic signals at the time of the incident;

s. Failing to maintain the Courtesy Van under adequate and proper control;

t. Disregarding traffic lanes and crossing in front of other vehicles on the road at an unsafe distance;

u. Failing to make timely application of his vehicle's brakes;

v. Failing to make timely application of his vehicle's horn;

w. Failing to exercise due caution and reasonable care in operating his motor vehicle;

x. Being inattentive, distracted, and/or not paying attention while driving his motor vehicle;

y. Diverting his attention from the roadway for an unreasonable period of time;

z. Operating his vehicle at an excessive rate of speed;

aa. Failing to operate his vehicle in accordance with the conditions and circumstances existing at the time of the accident, and just before the accident;

17

bb. Operating his motor vehicle in contravention of the Rules of the Road;

cc. Operating his motor vehicle without due regard for traffic control devices;

dd. careless and reckless in the operation of his tow truck under the circumstances;

ee. Possessing insufficient and inadequate training in the operation of a Courtesy Van;

ff. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §3304 and/or §3305 Overtaking vehicle on right and/or left;

gg. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3736(a), Driving recklessly;

hh. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3310, Following too closely;

ii. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3307

jj. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 177.804 (Compliance with Federal Motor Carrier Safety Regulations);

kk. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 301 et. seq. (Compliance with Federal Motor Carrier Safety Regulations);

ll. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 380 (Special training requirements);

mm.     Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 390.11 (Motor carrier to require observance of driver regulations);

nn. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 391.13 (Responsibilities of drivers);

oo. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.2 (Applicable operating rules);

pp. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.3 (Ill or fatigued operator);

qq. Violating Federal Motor Carrier Safety Regulations and rules including but not limited to § 392.80 (Emergency equipment, inspection, and use);

rr. Negligently hiring or contracting with Richard Williams to drive the Courtesy Van at issue;

ss. Negligently contracting with Caesars Entertainment and/or Harrah's Casino to provide, operate, maintain, and/or inspect the Courtesy Van;

tt. Negligently training Richard Williams;

18

uu. Negligently entrusting Richard Williams to drive the Courtesy Van in a safe and professional manner when Defendant knew or had reason to know that Richard Williams was not fit to drive the Courtesy Van;

vv. Negligently retaining Richard Williams to drive the Courtesy Van;

ww.      Failing to conduct proper and required checks on the background of its employees, agents, and/or contractors, including but not limited to Richard Williams;

xx. Failing to supervise its employees, agents, and/or contractors;

yy. Failing to exercise ordinary care to determine its employees', agents', and/or contractors' fitness for the task of driving a Courtesy Van;

zz. Failing to have or enforce an appropriate policy on properly and safely operating the Courtesy Van;

aaa.      Otherwise violating state law and federal regulations governing trucking companies;

bbb.      Otherwise failing to act as a reasonably prudent company under the circumstances;

ccc.      Failing to operate the vehicle in accordance with the rules of the road, the Ordinances of Philadelphia County, the law of the Commonwealth of Pennsylvania, including but not limited to, the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 101 et. seq.; and

ddd.      Such other acts of negligence as may be discovered.

36.      As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered, suffers and/or continues to suffer serious and/or permanent injuries to her body, organs, nerves, muscles, tendons, and/or tissue including but not limited to: injury to her left hip including associated bones, muscles, ligaments, nerves, and tendons resulting in tears, pain, swelling, inflammation, loss of function, numbness, and tingling; injury to her lumbosacral spine including the associated bones, muscles, ligaments, tendons, vertebrae, disks, nerves and vasculature; injury to her back including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her left leg including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her wrist including associated bones, muscles, ligaments, nerves, and tendons resulting in

19

pain, loss of function, numbness, and tingling; mental and emotional injuries, including depression, tearfulness, sleep disturbance, and physical manifestations thereof; immobility and functional decline; embarrassment and humiliation; and loss of ability to care for herself and perform the basic activities of daily living -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff Lizardo also makes a claim for such injuries, damages and consequences described by her medical providers and/or of which she has no present knowledge.

37.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered and will continue to suffer great pain and suffering, depriving her of life's enjoyment and pleasures.

38.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has and will in the future continue to spend large sums of money for medicine and medical care in an effort to cure and ameliorate her injuries.

39.     As a direct and proximate result of the aforesaid negligence and carelessness, Plaintiff Lizardo has and will in the future suffer a loss of earning and an impairment of earning capacity and power.

**WHEREFORE**, Plaintiff, Daniela Lizardo, demands judgment against the Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional arbitration limit, together with compensatory damages, interest, costs, attorneys' fees and other relief deemed just and appropriate by the Court.

20

Case ID: 200500747

## COUNT IV   NEGLIGENCE/RECKLESSNESS
## DANIELA LIZARDO v. RICHARD WILLIAMS

40.     Plaintiff Daniela Lizardo incorporates by reference all of the above allegations as though same were more fully set forth at length herein.

41.     Defendant Richard Williams owed Plaintiff Ms. Lizardo and the world at large a duty to drive, operate, control, and maintain the Courtesy Van in a safe and non-negligent manner.

42.     Defendant Richard Williams breached its duty of care by carelessly, negligently, and recklessly maintaining and operating the Courtesy Van without due concern or regard the passengers including Ms. Lizardo.

43.     At all material times hereto, Defendant's negligent, careless, and reckless conduct consisted of the following:

  a. Failing to properly inspect and maintain the Courtesy Van;

  b. Failing to perform proper pre-trip inspection of the Courtesy Van to verify that all operating and safety equipment including brakes and seat belt were functional and in order;

  c. Reckless disregard for the safety of his passengers by failing to maintain and/or repair the seat belt which he knew or had reason to know it was not functioning at the time of the incident and knew was necessary for the protection of its passengers;

  d. Reckless disregard for the safety of his passengers permitting the Courtesy Van to be operated with malfunctioning safety equipment when he knew or had reason to know of the malfunctioning seatbelt;

  e. Failing to maintain a proper lookout;

  f. Operating the Courtesy Van without sufficient regard for the rights and safety of others and in such a manner as to endanger and injure Ms. Lizardo;

  g. Failing to scan the roadway for other vehicles before proceeding;

  h. Scanning the roadway and failing to appreciate that there were other vehicles on the roadway in close proximity to the Courtesy Van;

  i. Improper maneuver on roadway;

21

Case ID: 200500747

j. Driving in a reckless manner;

k. Failing to be attentive and maintain a sharp lookout of the road and the surrounding conditions;

l. Failing to have the Courtesy Van under the same level and degree of control as maintained by a reasonably careful driver under similar circumstances;

m. Failing to exercise the high degree of care required of a motorist operating a Courtesy Van with passengers;

n. Unnecessarily accelerating of the motor vehicle to an unsafe rate of speed prior to approaching the intersection of Penn Square and South Broad Street, Phila., PA, requiring the brakes to be slammed and passengers, including Ms. Lizardo to be thrown about the Courtesy Van;

o. Failing to observe that care and caution were required under the circumstances;

p. Operating the Courtesy Van without due regard for the passengers onboard;

q. Failing to keep the Courtesy Van under proper and adequate control at all times to ensure it could come to a proper stop and avoid causing injury to the passengers, including Ms. Lizardo;

r. Failing to obey the traffic signals at the time of the incident;

s. Failing to maintain the Courtesy Van under adequate and proper control;

t. Disregarding traffic lanes and crossing in front of other vehicles on the road at an unsafe distance;

u. Failing to make timely application of his vehicle's brakes;

v. Failing to make timely application of his vehicle's horn;

w. Failing to exercise due caution and reasonable care in operating his motor vehicle;

x. Being inattentive, distracted, and/or not paying attention while driving his motor vehicle;

y. Diverting his attention from the roadway for an unreasonable period of time;

z. Operating his vehicle at an excessive rate of speed;

aa. Failing to operate his vehicle in accordance with the conditions and circumstances existing at the time of the accident, and just before the accident;

bb. Operating his motor vehicle in contravention of the Rules of the Road;

cc. Operating his motor vehicle without due regard for traffic control devices;

22

dd. Being negligent, careless and reckless in the operation of his tow truck under the circumstances;

ee. Possessing insufficient and inadequate training in the operation of a Courtesy Van;

ff. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §3304 and/or §3305 Overtaking vehicle on right and/or left;

gg. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3736(a), Driving recklessly;

hh. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3310, Following too closely;

ii. Violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3307

jj. Failing to properly maintain the Courtesy Van at issue in this case;

kk. Otherwise violating state law and federal regulations governing trucking companies;

ll. Otherwise failing to act as a reasonably prudent company under the circumstances; and

mm.     Such other acts of negligence as may be discovered.

44.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered, suffers and/or continues to suffer serious and/or permanent injuries to her body, organs, nerves, muscles, tendons, and/or tissue including but not limited to: injury to her left hip including associated bones, muscles, ligaments, nerves, and tendons resulting in tears, pain, swelling, inflammation, loss of function, numbness, and tingling; injury to her lumbosacral spine including the associated bones, muscles, ligaments, tendons, vertebrae, disks, nerves and vasculature; injury to her back including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her left leg including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; injury to her wrist including associated bones, muscles, ligaments, nerves, and tendons resulting in pain, loss of function, numbness, and tingling; mental and emotional injuries, including depression, tearfulness, sleep disturbance, and physical manifestations thereof; immobility and

23

functional decline; embarrassment and humiliation; and loss of ability to care for herself and perform the basic activities of daily living -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff Lizardo also makes a claim for such injuries, damages and consequences described by her medical providers and/or of which she has no present knowledge.

45.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has suffered and will continue to suffer great pain and suffering, depriving her of life's enjoyment and pleasures.

46.     As a direct and proximate result of the aforesaid negligence and carelessness, and not through any act or omission of her own, Plaintiff Lizardo has and will in the future continue to spend large sums of money for medicine and medical care in an effort to cure and ameliorate her injuries.

47.     As a direct and proximate result of the aforesaid negligence and carelessness, Plaintiff Lizardo has and will in the future suffer a loss of earning and an impairment of earning capacity and power.

**WHEREFORE**, Plaintiff, Daniela Lizardo, demands judgment against the Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional arbitration limit, together with compensatory damages, interest, costs, attorneys' fees and other relief deemed just and appropriate by the Court.

**MESSA & ASSOCIATES, P.C.**

By:     /s/ Alaina A. Gregorio
        Richard H. Heleniak, Esquire
        Alaina A. Gregorio, Esquire
        *Attorneys for Plaintiff*

Dated: May 13, 2020

24

Case ID: 200500747

EXHIBIT "B"

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**Jack Duignan**
*Chief Deputy*

*Filed and Attested by the*
*Office of Judicial Records*
*09 JUN 2020 11:3* **Jared E. Ofweiler**
*M. RUSSO* *Real Estate Deputy*

---

DANIELA LIZARDO
vs.
CAESAR'S ENTERTAINMENT OPERATING COMPANY

**Case Number**
2020-T-1143

---

## SHERIFF'S RETURN OF SERVICE

05/18/2020   OTHER COUNTY CASE # 200500747

05/18/2020   Advance Fee

06/02/2020   01:00 PM - CORPORAL PAUL LEGGORE, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO DAVE BULAKOWSKI, SERVICE ASSOCIATE, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, CAESAR'S ENTERTAINMENT OPERATING COMPANY AT C/O CSC, 2595 INTERSTATE DRIVE, SUITE 103, HARRISBURG, PA 17110.

PAUL LEGGORE, CORPORAL

SHERIFF COST: $47.25

June 03, 2020

SO ANSWERS,

NICHOLAS CHIMIENTI, JR., SHERIFF

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 05/18/2020 | Advance Fee | Advance Fee | 5384 | $0.00 | $47.25 |
| 06/03/2020 | County Fee | | | $47.25 | $0.00 |
| | | | | $47.25 | $47.25 |
| | | | **BALANCE:** | $0.00 | |

### NOTARY

Affirmed and subscribed to before me this

_3RD_ day of ___JUNE___ , _2020_

Commonwealth of Pennsylvania — Notary Seal
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission Number 1257392

(c) CountySuite Sheriff, Teleosoft, Inc.